UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                     :

DANABY RENTALS, INC.,                      :
                                       :

                    Plaintiff,           :
                                       :

                  -v-                  :                24 Civ. 3481 (JPC)
                                       :

MT. HAWLEY INSURANCE COMPANY,     :           OPINION AND ORDER
                                       :

                  Defendant.        :
                                       :
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

In its Opinion and Order denying the motion for summary judgment filed by Defendant Mt. Hawley Insurance Company and granting in part and denying in part the motion for summary judgment filed by Plaintiff Danaby Rentals, Inc., the Court ordered Danaby to show cause why the Court should not (1) find as established that the surfaces of the Canton Sites' roofs were more than fifteen years old as of April 28, 2023, pursuant to Federal Rule of Civil Procedure 56(g), (2) grant summary judgment under Rule 56(f) in Mt. Hawley's favor on its Affirmative Defense No. 10 as to the Canton Sites, and (3) grant summary judgment under Rule 56(f) in Mt. Hawley's favor as to Danaby's claim that Mt. Hawley engaged in an unfair settlement practice under Texas Insurance Code Section 541.060(a)(1) by misrepresenting that New York law governs their dispute over the Policy. *See Danaby Rentals, Inc. v. Mt. Hawley Ins. Co.*, No. 24 Civ. 3481 (JPC), 2026 WL 440758, at *20 (S.D.N.Y. Feb. 17, 2026).[1]  After considering the parties' submissions, the Court now deems established that the roof surfaces at the Canton Sites were more than fifteen years old

---

[1] Except where otherwise indicated, terms are defined in this Opinion and Order in the same manner they were defined in *Danaby Rentals*, 2026 WL 440758.

on April 28, 2023, grants summary judgment in Mt. Hawley's favor on its Affirmative Defense No. 10 as to the Canton Sites, and also grants summary judgment in Mt. Hawley's favor on Danaby's claim under Section 541.060(a)(1).

## I. Background

The Court assumes the parties' familiarity with the facts and procedural history of this case. On April 28, 2023, a windstorm and hailstorm blew through two Texas towns where Danaby owns multiple properties insured by Mt. Hawley. *Id.* at *1-2. While the parties fiercely dispute the date when Danaby discovered the resulting damage, they agree as to what took place beginning on August 3, 2023, when Danaby's adjuster filed a claim under the Policy on its behalf. *Id.* at *2. Mt. Hawley partially denied the claim in a letter dated August 25, 2023. *Id.* at *3; *see* Dkt. 73 ("Kotara Decl."), Exh. 1-E ("Aug. 25, 2023 Letter"). In that letter, Mt. Hawley quoted various provisions of the Policy, including the choice-of-law and forum-selection clauses, and allowed Danaby to submit additional information for Mt. Hawley's coverage analysis. Aug. 25, 2023 Letter at 2-6. Taking up Mt. Hawley's invitation, Danaby's adjuster submitted new damages estimates "purportedly for the cost of completely replacing all roofs and roof top HVAC units on the Properties and for alleged interior water damage." *Danaby Rentals*, 2026 WL 440758, at *3 (citation modified). This prompted Mt. Hawley to inspect the Properties further, and it dispatched Stewart Verhulst of Nelson Forensics, LLC to perform that additional review. *Id.* After Verhulst produced a seventy-seven-page report on January 5, 2024, Mt. Hawley's independent adjuster revised his estimate of the covered loss. *Id.* In a letter dated January 26, 2024, Mt. Hawley advised Danaby of the updated estimate but stated that Danaby still was not entitled to payment after applying a coinsurance penalty, depreciation, and the deductible. *Id.*; *see* Kotara Decl., Exh. 1-H ("Jan. 26, 2024 Letter") at 6.

On March 12, 2024, Danaby initiated this action in the U.S. District Court for the Southern District of Texas, and the action was transferred to this Court pursuant to the Policy's forum-selection clause on May 6, 2024. *Danaby Rentals*, 2026 WL 440758, at \*4; Dkt. 1. Danaby alleges breach of contract; a violation of the Texas Prompt Payment of Claims Act, Tex. Ins. Code §§ 542.051 *et seq.*, by failing to timely pay for the storm damages; and unfair settlement practices under three theories of Section 541.060 of the Texas Insurance Code: misrepresenting to Danaby a material fact or policy provision relating to the coverage at issue, *id.* § 541.060(a)(1), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim for which the insurer's liability had become reasonably clear, *id.* § 541.060(a)(2)(A), and failing to pay the claim without conducting a reasonable investigation, *id.* § 541.060(a)(7). Dkt. 20 ("Am. Compl.") ¶¶ 29-36. Mt. Hawley asserts thirty-one affirmative defenses in its Answer. Dkt. 7 ("Answer"). Relevant here is Affirmative Defense No. 10, which asserts the Policy's provision that, for any building with roof surfacing more than fifteen years old, Danaby is entitled to recover only "the value of roof surfacing at actual cash value as of the time of loss or damage," and not the cost of replacement. *Danaby Rentals*, 2026 WL 440758, at \*18 (quoting Dkt. 71 ("Gerguis First Aff."), Exh. 1-A ("Policy") at MTH000229); *see* Answer at 12-13.

On June 20, 2025, Mt. Hawley moved for summary judgment on all of Danaby's claims and Danaby moved for partial summary judgment on twenty-four of Mt. Hawley's thirty-one affirmative defenses. *Danaby Rentals*, 2026 WL 440758, at \*4. On February 17, 2026, the Court denied Mt. Hawley's summary judgment motion and granted in part and denied in part Danaby's partial motion for summary judgment. *Id.* at \*1. With respect to Affirmative Defense No. 10, the Court concluded that because there is no genuine dispute of material fact that the roofs at the eight Alberta and Nolana Sites were under fifteen years old, the Policy's roof-replacement exclusion

does not apply to those locations, so the Court granted summary judgment in Danaby's favor on that affirmative defense as to the Alberta and Nolana Sites. *Id.* at *18.

Because the parties' evidence at that stage indicated that the roof surfaces at the Canton Sites were more than fifteen years old, the Court ordered Danaby to "show cause why the Court should not further find, pursuant to Rule 56(g), that the Canton Sites' roofs were more than fifteen years old as of April 28, 2023, and why the Court should not grant summary judgment in Mt. Hawley's favor on Affirmative Defense No. 10 as to the Canton Sites under Rule 56(f)(3)." *Id.* The Court also ordered Danaby to show cause why, in light of the Court's finding pursuant to Rule 56(g) "that Mt. Hawley accurately represented that New York law governs the Policy and that venue would be in New York," the Court should not grant summary judgment in Mt. Hawley's favor as to Danaby's Texas-law claim that Mt. Hawley exercised bad faith by "misrepresent[ing] . . . a material fact or policy provision relating to coverage at issue." *Id.* at *16 (quoting Am. Compl. ¶ 33). Danaby responded to the order to show cause on March 3, 2026, Dkt. 106 ("Danaby OSC Response"), and Mt. Hawley responded on March 17, 2026, Dkt. 108 ("Mt. Hawley OSC Response").

## II.  Legal Standard

The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 620 (2d Cir. 2016) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "A genuine dispute exists where 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,' while a fact is material if it 'might

affect the outcome of the suit under the governing law.'"  *Chen v. 2425 Broadway Chao Rest., LLC*, No. 16 Civ. 5735 (GHW), 2019 WL 1244291, at *4 (S.D.N.Y. Mar. 18, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In conducting this review, the Court "resolve[s] all ambiguities and draw[s] all reasonable inferences in favor of the nonmoving party." *Mhany Mgmt.*, 819 F.3d at 620.

"The movant bears the initial burden of demonstrating 'the absence of a genuine issue of material fact,' and, if satisfied, the burden then shifts to the non-movant to present 'evidence sufficient to satisfy every element of the claim.'"  *Chen*, 2019 WL 1244291, at *4 (quoting *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008)).  The non-movant "may not rely on conclusory allegations or unsubstantiated speculation," and "must offer some hard evidence showing that its version of the events is not wholly fanciful." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (citation modified).  The non-movant must present more than a "scintilla of evidence" to survive summary judgment.  *Anderson*, 477 U.S. at 252.  "Where no rational finder of fact 'could find in favor of the nonmoving party because the evidence to support its case is so slight,' summary judgment must be granted."  *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010)).

Under Federal Rule of Civil Procedure 56(g), "even if the court does not grant summary judgment co-extensive with the relief sought by either movant, it may provide partial relief.  That relief may be as limited as a declaration that one or more material facts are 'not genuinely in dispute' and that those facts are deemed 'established in the case.'"  *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 431 (S.D.N.Y. 2014) (adopted report and recommendation) (quoting Fed. R. Civ. P. 56(g)).  Rule 56(g) "becomes relevant only after the court has applied the summary-judgment standard carried forward in Rule 56(a) to each claim, defense, or part of a claim or

defense, identified by the motion." *Stapleton v. Prince Carpentry, Inc.*, No. 22 Civ. 4044 (NCM), 2025 WL 2591519, at *3 (E.D.N.Y. Sept. 8, 2025) (citation modified). "Whether to treat certain facts as established pursuant to Rule 56(g) is a matter of discretion." *Id.*

Under Rule 56(f), "[a]fter giving notice and a reasonable time to respond, the court may grant summary judgment for a nonmovant," Fed. R. Civ. P. 56(f)(1), "grant the motion on grounds not raised by a party," Fed. R. Civ. P. 56(f)(2), or "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute," Fed. R. Civ. P. 56(f)(3). "[P]rior notice is a prerequisite to a *sua sponte* grant of summary judgment," and the district court must "identify for the parties material facts that may not be genuinely in dispute before entering summary judgment *sua sponte*." *ING Bank N.V. v. M/V Temara, IMO No. 9333929*, 892 F.3d 511, 523-24 (2d Cir. 2018) (citation modified).

### III.  Discussion

**A.  Mt. Hawley is Entitled to Summary Judgment on Affirmative Defense No. 10 as to the Canton Sites.**

The Court finds it established that the roof surfaces at the Canton Sites were more than fifteen years old on April 28, 2023, so there is no genuine dispute of material fact that the Policy's roof-replacement exclusion asserted in Affirmative Defense No. 10 applies to the Canton Sites. Mt. Hawley's expert, Verhulst, opined that the roof surfaces at the Canton Sites were at least twenty years old as of January 2024.  Kotara Decl., Exh. 1-F (Verhulst's expert report) at MTH001771; *see* Dkt. 84 (declaration of Verhulst) ¶ 8 (offering his "opinion that the roof surfaces of the buildings at [the Canton Sites] [were] at least 20 years old as of January 17, 2024"); *see also* Dkt. 92 ("Gerguis Second Aff."), Exh. D (deposition of Mt. Hawley representative Adam Kotara) at 88:12-19 (recalling that, based on Mt. Hawley's investigation, the age of the roofs at the Canton Sites was "20 plus years"); *Danaby Rentals*, 2026 WL 440758, at *18.  Not only has Danaby failed

to present contravening evidence, but its own evidence in support of its motion for summary judgment includes Verhulst's conclusion.  Gerguis First Aff., Exh. 1-R (Jan. 17, 2024 letter from Nelson Forensics, LLC with Verhulst's supplemental report) at 3.

Danaby now attempts to generate a dispute of material fact by bringing forward an unsworn (and undated) declaration by its owner, Daniel Sandoval, stating that "[t]o the best of [his] recollection," the Canton Sites' roofs were replaced in approximately 2015 or 2016.  Danaby OSC Response, Exh. A ¶ 2.  Sandoval, however, did not make that statement under oath or penalty of perjury.  *See generally id.*  The Court therefore does not consider the declaration as admissible evidence.  *See Santos v. Feldman*, No. 19 Civ. 5398 (VB), 2022 WL 671938, at *4 n.5 (S.D.N.Y. Mar. 7, 2022) ("As a general matter, a Court may not consider unsworn statements, that is, those made without a 'declaration, certificate, verification, or statement' that what the declarant states is true 'under penalty of perjury.'" (citing *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013)); *see also* 28 U.S.C. § 1746.  And even if it were, Sandoval's latest statement contradicts his own prior sworn testimony.  Sandoval testified at his deposition that he could not remember a "precise" year that any of the roofs were repaired, Gerguis Second Aff., Exh. G (deposition of Daniel Sandoval) at 69:7, and that to the extent he remembered that some were fixed around 2015 or 2016, he was "not sure" which, *id.* at 69:17.  Sandoval's "mere speculation" does not create a genuine factual dispute, *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation modified), and it is "well established" that a party's "conclusory, post-deposition allegations which contradict [his] own prior deposition testimony should be disregarded on a motion for summary judgment," *Santos*, 2022 WL 671938, at *4 (citation modified).

Danaby also points to a document titled "Wind Mitigation Rider" that purports to show that the "roofs on all of the buildings was [sic] replaced 3-4 years ago."  Danaby OSC Response

at 1 n.2; *see id.*, Exh. B ("Wind Mitigation Rider") at 1.  While Danaby represents that this document is a report from an inspection conducted in 2019, it does not state that the Canton Sites were part of that inspection.  *See* Danaby OSC Response at 1 n.2.  Neither does the face of the Wind Mitigation Rider link its information to the Canton Sites.  *See* Wind Mitigation Rider at 1-2.  The document's relevance is belied further by the fact that the policy number printed on it, MCP0168504, is different from the number for the Policy at issue here, MCP0172234.  *Compare id.* at 1, *with* Policy at MTH000150, *and* Dkt. 69 (Danaby's statement of undisputed material facts under Local Civil Rule 56.1(a)) ¶ 1.  So the Wind Mitigation Rider does not bear on the age of the surfaces of the Canton Sites' roofs.

The Court thus finds pursuant to Rule 56(g) that the roof surfaces at the Canton Sites were more than fifteen years old as of April 28, 2023, and "treat[s] the fact as established in [this] case." Fed. R. Civ. P. 56(g).  Given the age of their roofs' surfaces, there is no genuine dispute of material fact that the Policy's roof-replacement exclusion applies to the Canton Sites and accordingly the Court grants summary judgment in Mt. Hawley's favor on Affirmative Defense No. 10 as to the Canton Sites.

**B.      Mt. Hawley is Entitled to Summary Judgment on Danaby's Claim Under Texas Insurance Code Section 541.060(a)(1).**

Texas law makes it an unfair settlement practice for an insurer to "misrepresent[] to a claimant a material fact or policy provision related to coverage at issue."  Tex. Ins. Code § 541.060(a)(1).  Danaby seeks to hold Mt. Hawley liable under Section 541.060(a)(1) for misrepresenting that New York law applies to their policy dispute.  Am. Compl. ¶¶ 25-27, 33(1). In response to the Court's order to show cause, *see Danaby Rentals*, 2026 WL 440758, at *16, Danaby contends, somewhat contradictorily, that Mt. Hawley, first, misrepresented to it that Texas law governed the Policy and, second, "only after a dispute arose," contended that New York law

governed instead.  Danaby OSC Response at 3.  But Danaby does not put forward evidence in support of either allegation, so the Court grants summary judgment in favor of Mt. Hawley on this claim.  *See Anderson*, 477 U.S. at 252.

There is no evidence indicating that Mt. Hawley ever represented to Danaby that Texas law would govern the Policy.  In support of that contention, Danaby merely cites a provision of the Texas Insurance Code stating that insurance contracts in that state are governed by Texas law, *see* Danaby OSC Response at 2 (citing Tex. Ins. Code art. 21.42), but otherwise fails to proffer any representation by Mt. Hawley itself that would support a claim under Section 541.060(a)(1).  *See generally id.*  Second, no reasonable jury could conclude that any of Mt. Hawley's multiple representations that New York law governed the Policy was a misrepresentation.  Danaby again fails to put forward any evidence of the alleged misrepresentation.  *See generally id.*  Assuming that Danaby is referring to the letters that Mt. Hawley sent partially denying Danaby's claim, those simply quote the Policy's choice-of-law and forum-selection clauses.  *See* Aug. 25, 2023 Letter at 5; Jan. 26, 2024 Letter at 9.  An insurer does not violate Section 541.060(a)(1) by simply pointing to terms of the disputed policy.  *Cf. Effinger v. Cambridge Integrated Servs. Grp.*, 478 F. App'x 804, 807 (5th Cir. 2011) (stating with respect to Texas Insurance Code Section 541.061 that "a policy's promise to promptly compensate does not become a misrepresentation merely because an insurance carrier disputes whether an injury is compensable and delays payment").  Indeed, the Court concluded that New York law governs the Policy's interpretation, *see Danaby Rentals*, 2026 WL 440758, at *11, and, accordingly, found pursuant to Rule 56(g) that this representation by Mt. Hawley was accurate, *id.* at *16.

Finally, Danaby's argument that Mt. Hawley violated Section 541.060(a)(1) by "knowingly misrepresent[ing] that Danaby's claims of unfair and deceptive acts or practices would

9

be subject to New York law, not Texas law," fails as a matter of law for similar reasons. Danaby OSC Response at 3. As evidence of that purported misrepresentation, Danaby points to only the letter that Mt. Hawley sent on August 25, 2023, partially denying its claim. *Id.* at 3 n.4; *id.*, Exh. C; *accord* Aug. 25, 2023 Letter. That letter makes one reference to New York law by quoting, verbatim, the Policy's choice-of-law and forum-selection clauses. Aug. 25, 2023 Letter at 5. Again, quoting verbatim the Policy cannot be a misrepresentation of "a material fact or policy provision," Tex. Ins. Code § 541.060(a)(1). *See ValTex Props. LLC v. Cent. Mut. Ins. Co.*, No. 3:20-CV-1992-B, 2020 WL 6781944, at *2-3 (N.D. Tex. Nov. 18, 2020).[2]

Thus, pursuant to Federal Rule of Civil Procedure 56(f), the Court grants summary judgment in favor of Mt. Hawley on Danaby's claim under Texas Insurance Code Section 541.060(a)(1).

### IV.  Conclusion

For the foregoing reasons, the Court treats as established under Federal Rule of Civil Procedure 56(g) that the roof surfaces at the Canton Sites were over fifteen years old as of April 28, 2023, and grants summary judgment pursuant to Rule 56(f) in Mt. Hawley's favor on Affirmative Defense No. 10 as to the Canton Sites and on Danaby's claim of unfair settlement practices under Texas Insurance Code Section 541.060(a)(1).

SO ORDERED.

Dated: June 30, 2026
    New York, New York

_____
    JOHN P. CRONAN
    United States District Judge

---

[2] Because Danaby fails to put forward any evidence of a misrepresentation of "a material fact or policy provision relating to coverage at issue," Tex. Ins. Code § 541.060(a)(1), the Court need not consider Danaby's reliance argument. *See* Danaby OSC Response at 3-4.